IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

WINDSOR E. COOKS,

    Plaintiff,

v.                                                  CASE NO. 4:13-cv-37-WS-GRJ

KENNETH TUCKER and
FLORIDA DEPARTMENT
OF CORRECTIONS,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding *pro se*, has filed a Civil Rights complaint on the court's standard form against the Florida Department of Corrections ("FDOC") and Kenneth Tucker, the Secretary of the FDOC. (Doc. 1.) For the reasons discussed below, it is respectfully **RECOMMENDED** that this cause be dismissed pursuant to 28 U.S.C. § 1915(g).

## DISCUSSION

Plaintiff alleges he is unlawfully being detained because the FDOC lacks a probable cause affidavit with respect to the crime for which he was convicted. He contends that his Eighth Amendment rights were violated when the FDOC calculated his sentence while knowing that the probable cause affidavits were omitted from the record. Plaintiff also claims that the FDOC has committed negligence in failing to adhere to its purported record-keeping duty. As relief Plaintiff seeks declaratory and injunctive relief, as well as compensatory and punitive damages in excess of $1 million.

The Prison Litigation Reform Act of 1995 ("PLRA") provides that a prisoner may

not bring a civil action under 28 U.S.C. § 1915:

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This is commonly known as the PLRA's "three strikes" rule. "A prisoner under imminent danger of serious physical injury can qualify for the 'imminent danger exception,'" but the prisoner must allege a present imminent danger. Miller v. Donald, 541 F.3d 1091, 1095 (11th Cir. 2008); Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999).

Plaintiff has run afoul of 28 U.S.C. §1915(g) three strikes rule. Plaintiff previously filed four cases in the Middle District of Florida, which were dismissed as frivolous, malicious or for failure to state a claim upon which relief may be granted. See Cooks v. Lancaster, No. 3:01-cv-809-J-21TEM (M.D. Fla. July 23, 2001)(dismissed as frivolous); Cooks v. Nelson, No. 3:07-cv-859-J-32TEM (M.D. Fla. Sept. 24, 2007)(dismissed as frivolous); Cooks v. Nelson, No. 3:09-cv-1030-J-25MCR (M.D. Fla. Oct. 29, 2009)(dismissed as frivolous); Cooks v. Nelson, No. 3:09-cv-1078-J-25TEM (M.D. Fla. Nov. 16, 2009)(dismissed as frivolous). Plaintiff should be well-aware that he has four strikes because he has had two other civil rights cases dismissed in the Middle District of Florida pursuant to the three strikes provision of 28 U.S.C. § 1915(g), both of which explicitly informed Plaintiff that he had four strikes and named each individual strike. See Cooks v. City Police Dep't, No. 3:10-cv-165-J-32JRK (M.D. Fla. Mar. 1, 2010); Cooks v. City Police Dep't, No. 3:10-cv-684-J-12JRK (M.D. Fla. Aug. 11, 2010). Furthermore, Plaintiff filed a virtually identical suit in this Court in 2011, which was

dismissed pursuant to 28 U.S.C. § 1915(g).  Cooks v. Fla. Dep't of Corrections et al., No. 4:11-cv-326-SPM-GRJ (N.D. Fla. Aug. 19, 2011).

When Plaintiff filed the present case, he failed to pay the required $350 filing fee or file a motion for leave to proceed *in forma pauperis*.  The Court will not direct Plaintiff to file a motion to proceed *in forma pauperis*, however, because Plaintiff is not entitled to proceed as a pauper under 28 U.S.C. § 1915 and because his allegations do not suggest that he is in "imminent danger of serious physical injury.  Accordingly, Plaintiff's Complaint should be dismissed pursuant to 28 U.S.C. § 1915(g) because Plaintiff has four strikes under the PLRA and because he does not allege that he is in any imminent danger.

## CONCLUSION

Based on the foregoing, it is respectfully **RECOMMENDED** that this case be dismissed pursuant to 28 U.S.C. § 1915(g) because Plaintiff has four strikes.

**IN CHAMBERS**, at Gainesville, Florida, this 1st day of February 2013.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**