IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

WINDSOR E. COOKS,

    Plaintiff,

v.                                              CASE NO. 4:13-cv-37-WS-GRJ

KENNETH TUCKER, et al.,

    Defendants.

_____/

## **REPORT AND RECOMMENDATION**

This case is before the Court on Doc. 1, Plaintiff's *pro se* complaint filed pursuant to 42 U.S.C § 1983 ("complaint"), for screening pursuant to 28 U.S.C § 1915A, which provides that the Court may dismiss a case filed by a prisoner seeking redress from a governmental entity or officer at any time if the Court determines that the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Plaintiff has paid the filing fee in full. (Doc. 5.) For the reasons discussed below, it is **RECOMMENDED** that the case be **DISMISSED** for failure to state a claim upon which relief may be granted.

## **Plaintiff's Allegations**

Plaintiff's claims stem from his 2001 Clay County conviction for dealing in stolen property.[1] Plaintiff alleges that the Department of Corrections does not have sufficient

---

[1] The Florida Department of Corrections website indicates that Plaintiff has been incarcerated since 2001 and was sentenced to 30 years imprisonment.

documentation–i.e., probable cause affidavits–to keep Plaintiff in its custody. He alleges violations of his Eighth and Fourteenth Amendment rights as well as negligence by the FDOC. Plaintiff requests declaratory relief, immediate release from custody, and compensatory and punitive damages. (Doc. 1.)

## **Heck v. Humphrey**

In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

512 U.S. at 486–87 (footnote omitted).

To the extent Plaintiff's claim is a challenge to the legality of his confinement, it is barred by *Heck*. Because a judgment in favor of Plaintiff finding that the FDOC lacks authority to confine him without probable cause affidavits for each charge would necessarily call into question the validity of his sentence, Plaintiff is required to show that his conviction or sentence has been reversed, expunged, declared invalid, or called into question by a federal habeas court. Plaintiff has not alleged any such reversal or invalidation of his conviction or sentence, and he specifically disavows any challenge to the underlying conviction. Because Plaintiff seeks immediate release and therefore

challenges the fact of his confinement, his sole remedy is through a habeas corpus petition.[2] *Bradley v Pryor,* 305 F.3d 1287, 1289-90 (11th Cir. 2002).

Accordingly, because a judgment in favor of Plaintiff would call into question the validity of his current sentence, his § 1983 complaint is due to be dismissed for failure to state a claim. *See Price v. McNeil,* 340 Fed. Appx. 581, 582 (2009) (affirming District Court's *sua sponte* dismissal of civil rights complaint on *Heck* grounds where Plaintiff alleged that "the DOC deprived him of his liberty without due process of law by accepting him for confinement and detaining him without a signed, certified judgment of conviction.").

## Conclusion

Accordingly, it is respectfully **RECOMMENDED** that this case should be **DISMISSED** pursuant to 28 U.S.C. § 1915A for failure to state a claim upon which relief may be granted. Such dismissal should be without prejudice to Plaintiff re-filing the claims in the event that his conviction is expunged or invalidated.

**IN CHAMBERS** this 5th day of April 2013.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**
**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

---

[2] Given that Plaintiff's conviction became final in 2001, more than a decade ago, a habeas petition would likely be time-barred. If Plaintiff attempted to pursue habeas relief, the Middle District of Florida, the district of conviction, would be the appropriate venue.

*Case No: 1:11-cv-268-SPM-GRJ*